# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 23-1168V

| | |
|---|---|
| EUNICE HAWKINS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 23, 2025 |

*David Gregory Rogers, Rogers, Hofrichter & Karrh, LLC, Fayetteville, GA 30214, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

**RULING ON ENTITLEMENT**[1]

On July 28, 2023, Eunice Hawkins filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left arm injury following an influenza vaccination she received on September 13, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 22, 2025, Respondent filed a combined Rule 4(c) Report Recommending Compensation and Proffer of Compensation (ECF No. 25) in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1, 4. Respondent states that "Petitioner 's claim meets the Table criteria for

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

SIRVA. Specifically, Petitioner had no history of pain, inflammation, or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection; she more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccination was administered; and there Is no other condition or abnormality present that would explain Petitioner's symptoms." *Id.* at 4. Respondent further agrees that "the records show that the case was timely filed, that the vaccine was received in the United States, and that Petitioner satisfies the statutory severity requirement by suffering the residual effects of her injury for more than six months after vaccine administration." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master